**UNITED STATES of America, Plaintiff,**

v.

**CITY OF GLEN COVE, Wah Chang Smelting and Refining Company of America, Inc., Defendants.**

No. CV–03–4975 (TCP)(MLO).

United States District Court,
E.D. New York.

April 29, 2004.

Deborah B. Zwany, United States Attorney's Office, Brooklyn, NY, Thomas L. Sansonetti, Environment and Natural Resources Division, U.S. Department of Justice, Washington, DC, for Plaintiff.

Stephen B. Latham, Twomey, Latham, Shea & Kelley, LLP, Riverhead, NY, David A. Roth, Douglas S. Brierley, Schenck, Price, Smith & King LLP, Morristown, NJ, for Defendants.

Eva M. Ciko, Kirkpatrick & Lockhart LLP, New York City, for Intervenors Defendants.

## MEMORANDUM AND ORDER

PLATT, District Judge.

Before this Court is a motion brought by TDY Holdings LLC and TDY Industries ("TDY" or "Intervenor") to intervene pursuant to Section 113(i) of the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. 9613(i) (2004), and Fed.R.Civ.P. 24, in the instant action between the United States of America ("Plaintiff" or "U.S.") and the City of Glen Cove ("Glen Cove"), Wah Chang Smelting

and certain federal agencies, (collectively "Defendants" or "Settling PRP's").

For the following reasons, TDY's motion to intervene should be GRANTED.

## BACKGROUND

This case revolves around the Li Tungsten Superfund Site (the "Site"), which consists of a former industrial facility (the "Facility") where tungsten ore processing and other metal processing operations were conducted from 1942–1985. Pursuant to CERCLA, the Environmental Protection Agency ("EPA") issued a Record of Decision ("ROD") for the Site in September 1999. The EPA identified several PRPs, including TDY, Wah Chang Smelting and Glen Cove. In addition, the EPA identified several federal PRPS, including the U.S. Department of Commerce, U.S. Treasury and U.S. General Services Administration (collectively, "Federal PRPs"). After finalizing the ROD, the EPA sought to implement Site cleanup through a series of orders, requiring TDY and several other PRPs to (i) perform a remedial design for a portion of the site, (ii) perform certain portions of the remedial action described in the ROD, and (iii) remove contaminated dredge spoils placed by the Army Corps of Engineers. TDY complied with these orders, and allegedly "incurred millions of dollars in response costs." (TDY Mem. of Law at 4).

In an effort to recover their costs, TDY brought a contribution action against the Federal PRPs. *See TDY Holdings LLC, et al v. United States of America, et al,* CV–00–6545 (TCP). Subsequently, the U.S. began negotiations with Wah Chang Smelting, Glen Cove and the Federal PRPs, to the alleged exclusion of TDY, which eventually culminated in the filing of the instant action. Simultaneous with the filing of the complaint in the instant action, the U.S. lodged a Consent Judgment to resolve its claims against Glen Cove, Wah Chang Smelting and the potential contribution liability of the Federal PRPs.[1]

After the Consent Judgment was lodged with this Court, the U.S. provided for an opportunity for public comment in accordance with 28 C.F.R. § 50.7. At the close of this comment period, the U.S. will then "evaluate any comments received, determine whether any comments disclose facts or considerations which indicate that the proposed settlement is inappropriate, inadequate or improper, and advise the Court whether the United States requests that the Consent Judgment be entered." (Notice of Lodging of Proposed Consent Judgment at 2).[2] If the U.S. requests that the Consent Judgment be entered, this Court will be required to determine whether the settlement is "fair, reasonable and in keeping with the goals of CERCLA." (U.S. Mem. Of Law at 4). In the eventuality that this Court does accept the Consent Judgment, TDY's contribution claims in their related lawsuit against the U.S. will be extinguished. *See* CERCLA 113(f)(2).

## DISCUSSION

■■■ TDY argues that it should be permitted to intervene in the instant action as of right under both CERCLA 113(i) and Fed. R.Civ.P. 24(a)(2). Intervention is granted under either provision when an intervenor "1) files a timely motion; 2) asserts an interest relating to the property or transaction that is the subject of the action; 3) is so situated that without intervention the disposition of the action may, as a practical matter, impair or impede its ability to protect its interest; and 4) has an interest not adequately represented by the other parties." *United States of America v. Pitney Bowes, Inc.,* 25 F.3d 66, 70 (2d Cir.1994). The conditions for intervention under 113(i) and Rule 24(a)(2) are "virtually identical," and the only difference is with respect to the burden of proof on the fourth prong. *Pitney Bowes,* 25 F.3d at 70 (citing *Travelers Indem. Co. v. Dingwell,* 884 F.2d 629, 641 (1st Cir.1989) (internal citations omitted)). Under Rule 24(a)(2), "the purported intervenor must

---

1. According to TDY, the federal government via the EPA and the settling federal agencies were represented at the settlement negotiations by lawyers from the United States Attorney's Office for the Eastern District of New York, "one of

whom is the other's supervisor." (TDY Mem. of Law at 9, n. 6).

2. Currently, the U.S. is still in the process of reviewing the comments.

show that its interest is not adequately represented," whereas under 113(i), "the government bears that burden." *Pitney Bowes,* 25 F.3d at 70.

Here, the U.S. is arguing that TDY cannot satisfy the second and third prongs for intervention, namely, an interest in the subject matter of the action and an inability to protect that interest without intervention. Each argument is now taken in turn:

### 1. Does TDY Have a Protectable Interest in this Action?

■ The U.S. argues that the only interest TDY asserts is "that TDY will lost its right to contribution," and this is insufficient to support intervention in the instant action. (U.S. Mem. of Law at 10). There appear to be two divergent view points on whether contribution is an adequate interest to sustain intervention under CERCLA or Fed. R.Civ.P. 24(a)(2), and as yet, the Second Circuit Court of Appeals has not confronted this specific issue. On the one hand, a number of district courts have held that a contribution interest is too speculative and contingent to sustain a claim for intervention. *See, e.g., State of Arizona v. Motorola,* 139 F.R.D. 141, 144–46 (D.Ariz.1991); *United States of America v. Wheeling Disposal Svc. Inc.,* 1992 WL 685724, *1, 2, 1992 U.S. Dist. LEXIS 22425, *4–6 (W.D.Mo. Oct. 1, 1992); *United States of America v. Vasi,* 22 Chem. Waste Lit. Rep. 218, 219 (N.D.Ohio 1991). The third circuit, in *United States of America v. Alcan Aluminum, Inc.,* 25 F.3d 1174, 1184 (3rd Cir.1994), echoed this viewpoint in dicta when it explained:

> Where the proposed intervenor has not yet settled with the government, it is unclear what, if any, liability it will have. Thus, any contribution right it might have depends on the outcome of some future dispute in which the applicant may, or may not, be assigned a portion of the liability. In that situation, courts have properly found the interest of non-settler applicants to be merely contingent.

*Id.*

The Eighth Circuit and District of New Jersey, however, in *United States of America v. Union Electric Co.,* 64 F.3d 1152 (8th Cir.1995) and *United States of America v.*

*Acton Corp.,* 131 F.R.D. 431 (D.N.J.1990), respectively, have held that a non-settling PRP's interest in contribution is sufficient to sustain intervention under both CERCLA and the federal rule. The reasoning in *Union Electric* is particularly instructive. In *Union Electric,* the Eighth Circuit found a non-settling PRP's contribution interest sufficient to warrant intervention because "settlement under 113(f)(2) purports to cut off the rights of persons not necessarily present in the litigation." *Id.* at 1166. Thus, the "threat of cutting off contribution rights of non-settling PRPs creates a direct and immediate interest on the part of the non-settling PRPs in the subject matter of the present litigation." *Id.*

After careful consideration, this Court chooses to follow the Eighth Circuit's sound analysis in *Union Electric,* and finds that TDY's contribution interest is adequate to sustain intervention in this case. This result is particularly appropriate under the instant set of facts, where as here, the federal government was on both sides of the negotiation table and essentially reached a settlement agreement with itself. Further, TDY alleges that it was shut out of later negotiations between the EPA and Settling PRPs. Accordingly, TDY has satisfied the third prong for intervention.

### 2. Is TDY's Interest Unable to be Protected without Intervention?

■ The U.S. also argues that even if TDY's interest in contribution is legitimate, that interest is capable of being adequately safeguarded without intervention because it is "protected by CERCLA's process for public review and comment, and review by this Court of any such comments submitted prior to entry of a settlement." (U.S. Mem. of Law at 16). The U.S. asserts that TDY has taken full advantage of this comment process and submitted a thirty-nine page objection to the proposed Consent Judgment.

■ However, by the U.S.'s own admission, it does not appear that TDY's contribution interest would be adequately protected through CERCLA's public review and comment process. Indeed, in their opposition papers, the U.S. points out that if this Court

is called upon to decide whether the proposed Consent Judgment should be entered, "the proper inquiry for the Court at that time *would not be whether non-settler TDY's interests are fully protected* ... but rather whether the Consent Judgment with the Settling Defendants and Settling Federal Agencies is fair, reasonable, and consistent with the goals of CERCLA." (U.S. Mem. of Law at 4, n. 1) (emphasis supplied). Further, as explained *supra,* if this Court decides to accept the Consent Judgment, then TDY's claims for contribution in its lawsuit against the settling federal agencies will be extinguished. Clearly, TDY's contribution claims are unable to be protected in this case without intervention and accordingly, TDY is entitled to intervene under both CERCLA 113(i) and Fed.R.Civ.P. 24(a)(2).

## CONCLUSION

It is hereby ordered that TDY's motion to intervene in the instant action is GRANTED.

SO ORDERED.